

# Holme Roberts & Owen LLP
*Attorneys at Law*

DENVER

BOULDER

COLORADO SPRINGS

LONDON

LOS ANGELES

MUNICH

SALT LAKE CITY

SAN FRANCISCO

*CONFIDENTIAL*

VIA HAND DELIVERY

February 2, 2007

Hon. Robert M. Levy
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ FEB 22 2007 ★

BROOKLYN OFFICE

Re:   *Elektra Entertainment Group, Inc., et al. v. Rae J. Schwartz,*
      1:06-cv-03533-DGT-RML

Dear Judge Levy:

We represent plaintiffs in this case. We are writing this confidential letter pursuant to Your Honor's Minute Order of December 14, 2006.

The Court's Minute Order directed defendant to provide plaintiffs with an affidavit setting forth defendant's medical condition and a cover letter explaining the basis for defendant's proposed motion for appointment of a guardian *ad litem*. Defendant provided several affidavits as directed, but did not provide any explanation concerning the basis for her proposed motion. The affidavits themselves were apparently prepared by counsel and contain only conclusory statements regarding defendant's condition. They contain no detail, and no statements of any extraordinary impact on defendant resulting from either this lawsuit or a potential lawsuit against her daughter. Because defendant has not explained the basis for her proposed motion, plaintiffs take no position at this time with respect to the motion.

This lawsuit has been pending since July 2006. Before filing the lawsuit, plaintiffs contacted defendant on several occasions in effort to resolve this matter, but were not successful. Shortly after the case was filed, defendant indicated through her attorney that her teenage daughter, or a "friend," may be responsible for the infringement at issue, but refused to provide any specific details supporting such belief and also refused to ask her daughter whether she or a friend did, in fact, engage in the infringement alleged in the Complaint. Plaintiffs advised defendant that they would be willing to dismiss this case if provided with information sufficient to identify the infringer and determine that

Timothy M. Reynolds  303.866.0332  timothy.reynolds@hro.com
1700 Lincoln Street, Suite 4100  Denver, Colorado 80203-4541  *tel* 303.861.7000  *fax* 303.866.0200
#1220604 v2

## Holme Roberts & Owen LLP
*Attorneys at Law*

Hon. Robert M. Levy
February 2, 2007
Page 2

defendant herself is not responsible, but defendant refused to provide such information.

Plaintiffs believe that the best way to resolve this matter quickly and with minimal, if any, impact on defendant is to proceed with limited discovery. To that end, plaintiffs propose taking the defendant's daughter's deposition and inspecting defendant's computer hard drive for evidence of infringement. Plaintiffs have no reason to believe that such limited discovery would have any significant impact on defendant or her medical condition. On the contrary, the limited discovery proposed by plaintiffs appears to be the best way to resolve this matter in the shortest amount of time with the least amount of impact on defendant.

Sincerely yours,

*[signature]*

Timothy M. Reynolds


c:	Ray Beckerman
	Richard J. Guida

#1220604 v2