UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; INTERSCOPE RECORDS, a
California general partnership; UMG
RECORDINGS, INC., a Delaware corporation;
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; BMG MUSIC, a New
York general partnership; and ARISTA RECORDS
LLC, a Delaware limited liability company,

                  Plaintiffs,

           -against-

RAE J. SCHWARTZ,

              Defendant.

:   Civil Action No.:  1:06-cv-03533-DGT-
RML

**PLAINTIFFS' MEMORANDUM
OF LAW IN RESPONSE TO
DEFENDANT'S MOTION
FOR APPOINTMENT OF
GUARDIAN <u>AD LITEM</u>**

---------------------------------------------------------x

## <u>INTRODUCTION</u>

Defendant's counsel has requested that the Court appoint a Guardian Ad Litem ("GAL")
for Defendant for purposes of litigating this action.  In response to Defendant's counsel's
request, Plaintiffs respectfully advise the Court that, to the extent Defendant agrees to bear the
cost, if any, of a GAL, Plaintiffs have no objection.  If, however, Defendant intends to seek to
impose the cost of a GAL on Plaintiffs, either now or at the conclusion of this matter, then
Plaintiffs' oppose the request.

As explained in more detail below, there is no basis for imposing the costs of a GAL on
Plaintiffs.  To begin with, there has been no showing that Defendant does not have the means to
pay for her own GAL, and shifting such costs to Plaintiffs would be extremely unfair given that
Plaintiffs have already been victimized by the massive infringement of their copyrights and have
proposed alternatives that would obviate any purported need for a GAL.  In addition,

1

Defendant's counsel's submissions do not support the extreme measure of appointing a GAL in this case. In particular, as explained in detail below, there has been no showing that Defendant is incapable of assisting in her defense. Moreover, there has been no showing that Defendant's husband could not serve as a GAL or pay the costs of a GAL. Indeed, the absence of any discussion regarding Defendant's husband's ability to either serve as or pay for a GAL is conspicuous. Given that there is no legal or factual basis for the appointment of a GAL, there is no reason for imposing the costs of a GAL on Plaintiffs.

For all of the foregoing reasons, to the extent Defendant seeks to shift the costs of a GAL to Plaintiffs, Plaintiffs respectfully ask that the Court deny Defendant's counsel's request. In addition, and as an alternative to the appointment of a GAL, Plaintiffs renew their motion for limited discovery, which discovery would help facilitate a quick resolution of this matter and obviate any purported need for a GAL.

## ARGUMENT

### A.    Plaintiffs Should Not Have to Pay For a GAL For Defendant Either Now or at the Conclusion of This Matter.

The general practice governing compensation of a GAL in the New York courts is to "let a ward pay the guardian's fees where she is able, except where the guardian's services were of value to other parties." *In re Adler*, 1995 U.S. Dist. LEXIS 2777, at *3 (E.D.N.Y. 1995). In this case, the appointment of a GAL for Defendant will not result in "services . . . of value" to Plaintiffs. *See In re Adler*, 1995 U.S. Dist. LEXIS at *3. On the contrary, to the extent such services would have any value at all, they would benefit Defendant, not Plaintiffs. Accordingly, Defendant should bear the expense of a guardian if she is able to do so. *Id.*

Defendant has made no showing whatsoever that she is unable to pay for a guardian. Neither Defendant, nor her counsel, nor anyone from Defendant's family has provided any

evidence to suggest that Defendant is not able to pay for her own GAL.  By contrast, Plaintiffs'

preliminary investigation of public records indicates that Defendant and her family are more than

capable of paying for a GAL.  It appears that Defendant owns a 1997 Nissan Altima, and that

Defendant's husband is employed with a company in the defense industry, Skypen, Inc., and

owns a Cadillac STS, which retails for more than $35,000.[1]  Because Defendant has made no

showing that she cannot afford to pay for a GAL, and because the only evidence before the Court

indicates that she can, any effort to shift that burden to Plaintiffs should be rejected.  Plaintiffs

have already been victimized by the massive, and to this point undisputed, infringement that

occurred through Defendant's Internet account, and shifting the cost of a GAL to Plaintiffs

would be extremely unfair.  This is especially true in this case where, as explained below and at

the February 16, 2006 conference, Plaintiffs have proposed limited discovery that would

facilitate a quick resolution of this matter and obviate any alleged need for a GAL.

Deciding who should pay for a GAL by way of an allocation of costs under Rule 54 is not

a viable solution in this case.  In the event Plaintiffs prevail, Defendant will have to bear the

same GAL costs that she should have borne in the first place.  In the event Defendant "prevails"

in the sense that Defendant's daughter, rather than Defendant, is the direct infringer, then

Plaintiffs may be forced to pay for a GAL that was completely unnecessary, and may be left

without recourse as to such costs in any separate lawsuit against the daughter.

Finally, Defendant's reliance on *Priority Records v. Chan*, 04-CV-73645 (E.D. Mich.

2005), is misplaced.  The *Chan* decision has no bearing on this case and does not help

Defendant.  The defendant in *Chan* was a minor and the court never ordered Plaintiffs to pay for

---

[1]    Plaintiffs are not attaching reports of these records in the interest of protecting the
privacy of unrelated individuals identified in the records, but would be happy to provide this
information to the Court for review *in camera*.

a GAL.  In addition, Plaintiffs have filed a motion for reconsideration of the court's dismissal of the *Chan* case, which motion is currently pending before the court.

For all of these reasons, there exists no basis in law or equity to force Plaintiffs to incur the costs of a GAL in this case, either now or at the conclusion of this matter.

**B.    Defendant Has Failed to Show Any Need For a GAL.**

**1.    The Standard For Appointing a GAL.**

"[I]t is . . . the policy of the State of New York . . . to avoid unnecessary appointments of guardians." *Peterfreund v. Ogunleye*, 1999 U.S. Dist. LEXIS 1486, at *13 (E.D.N.Y. 1999); *United States v. Noble*, 269 F. Supp. 814, 816 (E.D.N.Y. 1967).  Thus, when considering a request for appointment of a GAL, the Court must "be mindful of its obligation to avoid any potential waste of judicial resources through the unnecessary appointment of a guardian ad litem." *Manners v. O'Garra*, 2001 U.S. Dist. LEXIS 5824, at *2 (S.D.N.Y. 2001); *see also Mandeville v. Wertheimer*, 2002 U.S. Dist. LEXIS 4628, at *7 (S.D.N.Y. 2002); *Ruppert v. Secretary of U.S. Dept. of Health*, 671 F. Supp. 151, 173 (E.D.N.Y. 1987).  For these reasons, "[e]very effort should be made by the District Courts of the United States to reduce costs by avoiding the appointment of independent guardians unless there is a substantial probability of a conflict of interest and need for protection." *Noble*, 269 F. Supp. at 816; *see also Peterfreund*, 1999 U.S. Dist. LEXIS at *13 (Stating that "district courts should attempt to decrease costs by refraining from appointing guardians" unless there is a substantial likelihood that a conflict of interest exists and an infant or incompetent person needs protection); *Geddes v. Cessna Aircraft Co.,* 881 F. Supp. 94, 100 (E.D.N.Y. 1995).

State law is determinative in deciding whether an individual is incompetent and in need of a GAL under Fed. R. Civ. P. 17(c).  *Neilson v. Colgate Palmolive Co.*, 199 F.3d 642, 656-57 (2d Cir. 1999) (noting that capacity to sue is determined by reference to state law, and discussing

4

the capacity of a representative to sue in federal and state proceedings); *Bowen v. Rubin*, 213 F.

Supp. 2d 220, 222 (E.D.N.Y. 2001); *see also Thomas v. Humfield*, 916 F.2d 1032, 1034-35 (5th

Cir. 1990) (finding state law the proper source for determining whether an individual is

incompetent and in need of a guardian ad litem under Rule 17(c)); 4 James Wm. Moore et al.,

Moore's Federal Practice § 17.21 (stating "whenever an individual lacks capacity to sue or be

sued under the law of the individual's domicile because the individual is . . . incompetent, the

provisions of Rule 17(c) come into play . . . .").

Under New York law, appointment of a GAL is only appropriate when "an adult [is]

incapable of adequately prosecuting or defending his rights." N.Y.C.P.L.R. § 1201 (2007); *see

also Bowen*, 213 F. Supp. 2d at 222. For a GAL to be warranted, the litigant must be "truly

unable to represent himself or herself." *Mandeville*, 2002 U.S. Dist. LEXIS at 7-8. The party

seeking appointment of a GAL must show by a preponderance of the evidence that the

individual's "condition impedes her ability to protect her rights." *New York Life Ins. Co. v. V.K.*,

711 N.Y.S.2d 90, 96 (N.Y. Civ. Ct. 1999). Thus, appointment of a GAL is appropriate in cases

where, for example, a litigant is so unfocused that she cannot follow a coherent conversation and

cannot distinguish real from imagined events. *See Blatch v. Franco*, 1998 U.S. Dist. LEXIS

7717 at *24 (S.D.N.Y. 1998) (finding appointment of GAL appropriate where there was "ample

evidence" of the applicant's incompetence; applicant was "extremely unfocused and . . . unable

to follow a coherent stream of discourse . . . and has extreme difficulty 'distinguishing between

events that have occurred and those that have not.'").

Furthermore, representation by counsel can obviate the need for a GAL. As a GAL's

position is "analogous to that of the attorney in [an] action," appointing a GAL for a party who is

already represented by an attorney would be superfluous. *See Michels v. McCrory Corp.*, 44

5

Misc. 2d 212, 214 (N.Y. Misc. 1964) (stating that GAL's position is analogous to attorney's position).  New York courts have held that where a litigant is represented by counsel and is generally intelligent and capable of rational thought, appointment of a GAL is not warranted. *See Manners*, 2001 U.S. Dist. LEXIS at *5 (holding that GAL was not warranted because representation by counsel was sufficient to protect a litigant's interests where litigant was "unable to select, competently, a course of action for this litigation" but was rational and intelligent, and could answer deposition questions accurately despite his psychiatric condition). In such situations, counsel is best able to represent the litigant's interests, since counsel is familiar with the facts and legal issues of the case.  *See Manners*, 2001 U.S. Dist. LEXIS at *5; *Ruppert*, 671 F. Supp. at 172 (E.D.N.Y. 1987) (declining to appoint a GAL, finding that counsel would sufficiently represent the defendant's interests, and observing that "it cannot reasonably be said that representation by an attorney is insufficient protection of an incompetent party's interests given that the state courts of New York have appointed litigants' lawyers to serve the dual function of legal counsel and guardian *ad litem* in the same case") (reversed in part on other grounds).

At least one court in this Circuit has gone so far as to hold that where a litigant is represented by counsel, a GAL unfamiliar with the case might even prejudice the litigant's interests. *Manners*, 2001 U.S. Dist. LEXIS 5824 at *6.  Another decision from this Circuit suggests that where a litigant is represented by counsel, the question of whether counsel can sufficiently protect a litigant's interests or whether a GAL should be appointed is best determined after an independent mental evaluation. *See Iannazzo v. Pitney Hardin LLP*, 2005 U.S. Dist. LEXIS 495 (S.D.N.Y. 2005), citing *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th

Cir. 1989) (noting that an incompetent person's interests may be adequately protected by an attorney, thus rendering a GAL unnecessary).

**2. Defendant Has Made No Showing That She Is Incapable of Adequately Defending Her Rights in This Lawsuit.**

As the party seeking appointment of a GAL, Defendant bears the burden of proving by a preponderance of the evidence that her "condition impedes her ability to protect her rights." *See New York Life Ins. Co.*, 711 N.Y.S.2d at 96. Defendant has provided nothing to meet her burden in this case. The affidavits Defendant offers to support her motion contain only conclusory statements regarding Defendant's medical condition. They contain no detail, and no statements of any extraordinary impact on Defendant resulting from this lawsuit. Nor do they contain any statements whatsoever that would indicate that Defendant is so unfocused that she cannot follow a coherent conversation and cannot distinguish real from imagined events. Remarkably, the physician primarily responsible for treating Defendant's medical condition has not provided any information that would support the appointment of a GAL. Defendant's counsel's contention that Defendant could not obtain more information from her own treating physician is simply not credible. Defendant's counsel has offered nothing to support this contention, not even a letter from Defendant's treating physician explaining such alleged refusal.

Defendant is currently represented by counsel, and has made no showing that her representation by counsel is inadequate to protect her interests in this lawsuit. There is no evidence that Defendant is incompetent, no evidence that Defendant is incoherent, no evidence that Defendant is incapable of rational thought, no evidence that Defendant cannot follow a coherent conversation, and no evidence that Defendant cannot distinguish real from imagined events. In total, the evidence submitted by Defendant indicates that this lawsuit is causing her stress. As the cases above demonstrate, however, stress is not enough to require the appointment

of a GAL.  In addition, even it were sufficient (which it is not) there has been no showing that appointment of a GAL would reduce any stress on Defendant.

In sum, there is simply nothing to show that Defendant's physical or mental condition deprives her of the mental ability to confer with her counsel to the extent necessary to allow her counsel to protect her interests in this lawsuit.  Indeed, Defendant has shown her ability to protect her interests by retaining counsel who specializes in these types of cases.  For all of these reasons, the appointment of a GAL is unwarranted, and would be a waste of resources.

**3. Defendant's Argument That Her Counsel Has A Conflict Of Interest Is Meritless.**

Defendant's counsel's argument, both in his February 6, 2007 letter at the February 16, 2007 hearing, that he has a conflict of interest because he is charging legal fees is without merit. An attorney has an ethical duty always to represent his client's best interests.  He is presumed to be doing so, whether he is paid for his services or not.  Under the New York Code of Professional Responsibility, Defendant's counsel has an absolute duty to represent his client's best interests zealously within the bounds of the law, and may not intentionally prejudice or damage the client during the course of the professional relationship.  *See* N.Y. Code of Prof. Resp. DR 7-101, N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.32.  N.Y. Code Prof. Resp. EC 7-1; *see also In re September 11 Litig.*, 236 F.R.D. 164 (S.D.N.Y. 2006).  Because the foregoing ethical rules govern Defendant's relationship with her counsel, the payment of fees does not create any conflict of interest that would prevent Defendant's counsel from representing Defendant's interests in this lawsuit.

**4. Defendant Has Made No Showing That Her Husband Could Not Adequately Protect Her Interests In This Lawsuit.**

The fact that Defendant has a spouse with whom she lives also compels the conclusion that a GAL is not warranted in this case.  *See, e.g., Calero v. INS*, 957 F.2d 50, 52 (2d Cir. 1992)

8

(finding that appointment of a GAL for minor in deportation proceeding was not warranted where the defendant had "relatives who [could] assist him in considering his plight and in dealing with his attorney."). Here, Defendant is married and she has offered no evidence to indicate that her husband could not adequately assist her in dealing with her attorney and, thus, protect her interests in this lawsuit. Nor has Defendant offered any evidence that another family member could not adequately represent her interests.

For all of the foregoing reasons, Defendant's argument that only a lawyer should be appointed to serve as GAL is without merit. Defendant already has legal representation in this case, and there is no reason to believe that she, or anyone else acting on her behalf, will not continue to have legal representation. Indeed, Defendant's insistence on the appointment of a lawyer to serve as GAL appears to be part of a scheme to increase the cost of this lawsuit unnecessarily and place the burden for such increased costs on Plaintiffs.

**C.      Plaintiffs Should Be Permitted To Proceed With Limited Discovery.**

In an effort to move this case forward and minimize any potential impact on Defendant, Plaintiffs have proposed proceeding with only limited discovery, which would consist of deposing Defendant's daughter and inspecting Defendant's computer for evidence of infringement. Defendant has made no showing that such limited discovery would have any negative impact on her. Indeed, Plaintiffs' limited discovery may be the best way to resolve this matter quickly, which would minimize any potential negative impact on Defendant, and possibly the need for a GAL. For this reason, Plaintiffs renew their request to proceed with limited discovery.

## CONCLUSION

For the foregoing reasons, to the extent Defendant contends that Plaintiffs should bear the costs of a GAL, Plaintiffs respectfully request that Defendant's counsel's request for

9

appointment of a GAL be denied.  In addition, Plaintiffs renew their request to proceed with

limited discovery consisting of deposing Defendant's daughter and inspecting Defendant's

computer for evidence of infringement.

Dated: New York, New York
        February 26, 2007

By: /s/ Timothy M. Reynolds
    Timothy M. Reynolds (TR-3100)
    HOLME ROBERTS & OWEN LLP
    1700 Lincoln Street, Suite 4100
    Denver, CO 80203-4541
    Telephone: (303) 861-7000
    Fax: (303) 866-0200

    Brian E. Moran (BM-8573)
    Richard J. Guida (RG-5147)
    ROBINSON & COLE LLP
    885 Third Avenue, Suite 2800
    New York, NY 10022-4834
    Telephone: (212) 451-2900
    Fax: (212) 451-2999

    Attorneys for Plaintiffs

#1228994 v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2007, a copy of the foregoing
PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR APPOINTMENT OF A
GUARDIAN AD LITEM was served upon the Defendant electronically via ECF and also via
email:

> RAY BECKERMAN
> Vandenberg & Feliu LLP
> 110 E. 42 St., Suite 1502
> New York, NY 10017
> *Attorney for Defendant*

/s/ Timothy M. Reynolds
Timothy M. Reynolds (TR-3100)
HOLME ROBERTS & OWEN LLP

11