# Vandenberg & Feliu, LLP

*Attorneys at Law*
110 East 42nd Street
New York, New York  10017
Telephone:  212-763-6800
Author's direct dial: 212-763-6809
Fax:  212-763-6810/6814

Ray Beckerman
E-mail: rbeckerman@vanfeliu.com

September 20, 2007

BY FAX (718) 613-2518 and ECF
Hon. David G. Trager                    Courtesy Copy
United States District Judge            Original Filed by ECF
United States District Court for        ECF Doc. No.
 the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Elektra Entertainment v. Schwartz
             EDNY No. 06 Civ. 3533 (DGT) (RML)
             V&H File No. 1788-002

Dear Judge Trager:

      We are the attorneys for defendant Rae J Schwartz. We are writing in accordance with Your Honor's Individual Practices to request a pre-motion conference in connection with a motion for judgment on the pleadings which we will be making. In a recent case, Interscope v. Rodriguez, 2007 WL 2408484 (S.D. California August 17, 2007)(copy annexed), it was held that the RIAA's standard, boilerplate complaint – virtually identical to the complaint filed in the instant case – fails to state a claim for relief under Bell Atlantic Corp. v. Twombly, – US – , 127 S.Ct. 1955 (May 21, 2007). Accordingly we will be moving to dismiss the complaint pursuant to Fed. R. Civ. P. 12(c). In view of (a) the defendant's limited financial resources, and (b) the simplicity of the motion, we further request a waiver of the conference.

                                        Respectfully submitted,

                                        /s/Ray Beckerman

                                        Ray Beckerman

cc: Hon. Robert M. Levy, Magistrate Judge (By Fax & ECF)(Fax no. 718-613-2345)
    Richard J. Guida, Esq. (By Fax & ECF)(Fax no. 212-451-2999)
    Eli Uncyk, Esq. (Guardian Ad Litem for Defendant)(By Fax & ECF)(Fax no. 212-768-4469)

Slip Copy
Slip Copy, 2007 WL 2408484 (S.D.Cal.)
**(Cite as: Slip Copy)**

Interscope Records v. Rodriguez
S.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. California.
INTERSCOPE RECORDS, UMG Recording, Inc., and Atlantic Recording Corporation, Plaintiff,
v.
Yolana RODRIGUEZ, Defendant.
**Civ. No. 06cv2485-B (NLS).**

Aug. 17, 2007.

Jonathan Gavin Fetterly, Holme Roberts & Owen, Los Angeles, CA, for Plaintiffs.

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT, VACATING CLERK'S ENTRY OF DEFAULT AND GRANTING LEAVE TO AMEND THE COMPLAINT**
RUDI M. BREWSTER, United States Senior District Court Judge.

### I. INTRODUCTION

**\*1** Interscope Records, UMG Recordings, Inc., and Atlantic Recording Corp. (collectively, "Plaintiffs") move the Court for entry of default judgment against Yolanda Rodriguez ("Defendant"). Because the Court finds that the complaint fails to sufficiently plead a claim upon which relief can be granted, the Court **DENIES** the motion, **VACATES** the Clerk's entry of default and **GRANTS** Plaintiffs leave to amend and re-serve the complaint within thirty (30 days) of the date of this order

### II. BACKGROUND

Plaintiffs filed a complaint against Defendant on November 14, 2007, alleging copyright infringement. According to the complaint, Defendant used and continued to use an **online media distribution system** to download Plaintiffs' copyrighted recordings and distribute and/or make them available for distribution to the public. Defendant was served with the summons and complaint by personal service on December 14, 2006. Plaintiff did not file a responsive pleading and on April 13, 2007, the Clerk entered default. Notice of entry of default was served on Defendant by mail on April 18, 2007. Plaintiffs then filed the instant motion for entry of default judgment on July 19, 2007.

### III. STANDARD OF LAW

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2408484 (S.D.Cal.)
**(Cite as: Slip Copy)**

It is within the district court's discretion whether or not to enter default judgment. *Albade v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). Seven factors are generally considered before entering default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy ... favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir.1986).

### IV. ANALYSIS

In considering Plaintiffs' instant motion for default judgment, the Court has reviewed the complaint and the circumstances of the default according to the factors set forth in *Eitel*. The Court finds that entry of default judgment is not presently warranted because the complaint fails to sufficiently state a claim upon which relief may be granted.

The recent Supreme Court case, *Bell Atlantic Corp. v. Twombly,* ---U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), sets forth a "plausibility" standard which a complaint must meet to sufficiently state a claim. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 127 S.Ct. at 1964-1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

As such, Plaintiff here must present at least some facts to show the plausibility of their allegations of copyright infringement against the Defendant. However, other than the bare conclusory statement that on "information and belief" Defendant has downloaded, distributed and/or made available for distribution to the public copyrighted works, Plaintiffs have presented no facts that would indicate that this allegation is anything more than speculation. The complaint is simply a boilerplate listing of the elements of copyright infringement without any facts pertaining specifically to the instant Defendant. The Court therefore finds that the complaint fails to sufficiently state a claim upon which relief can be granted and entry of default judgment is not warranted.

**\*2** Accordingly, the Court **DENIES** Plaintiffs' motion for entry of default judgment and **VACATES** the Court Clerk's entry of Default. The Court **GRANTS** Plaintiffs leave to amend the complaint. Plaintiffs shall have thirty (30) days from the date of this Order to amend the complaint and serve it on Defendant. Defendant shall then have twenty (20) days from the date of service to answer or otherwise file a responsive pleading.

**IT IS SO ORDERED.**

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2408484 (S.D.Cal.)
**(Cite as: Slip Copy)**

S.D.Cal.,2007.
Interscope Records v. Rodriguez
Slip Copy, 2007 WL 2408484 (S.D.Cal.)

END OF DOCUMENT

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.