UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ELEKTRA ENTERTAINMENT GROUP,
INC., et al.

        Plaintiff,

  -against-

RAE J. SCHWARTZ

        Defendant.

--------------------------------X

MEMORANDUM AND ORDER

Civil Action No.
CV-06-3533(DGT)

Trager, J:

    Plaintiffs are recording companies that own exclusive rights to sound recordings under United States copyright law.  In this action, plaintiffs allege that defendant, Rae J. Schwartz, has infringed these exclusive rights by downloading and distributing certain sound recordings using an online media distribution network, specifically over a peer-to-peer network.  This case is one of many similar cases proceeding in this court and throughout the country in which groups of record companies have joined together to sue individuals in an attempt to combat and deter what the recording industry perceives as massive copyright infringement over the internet ("Recording Industry Association of America, or 'RIAA,' cases").

    Schwartz has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that plaintiffs have not pleaded the allegedly violative acts with

sufficient specificity to state a claim for which relief may be granted. For the reasons set forth below, Schwartz's motion for judgment on the pleadings is denied.

## Background

Plaintiffs filed their complaint against Schwartz on July 18, 2006. In it, plaintiffs allege that they own valid copyrights in certain songs that they believe Schwartz infringed. Specifically, plaintiffs' complaint states,

> Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings [as defined elsewhere in the complaint], to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

Compl. ¶ 14. Because this action is part of a coordinated effort on behalf of the recording industry, the complaint at issue on this motion mirrors in all material respects the complaints that have been filed in the other RIAA cases - differing only in the specific copyrighted recordings alleged to have been infringed. In fact, on July 31, 2006, this court held that an almost identical complaint in another RIAA action sufficiently pleaded copyright infringement to survive a motion to dismiss. Maverick Recording Co. v. Goldshteyn, No. 05 Civ. 4523, 2006 U.S. Dist.

2

LEXIS 52422 (E.D.N.Y. July 31, 2006).

After the complaint in Godshteyn was held to be sufficient, however, the Supreme Court decided Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), which held that a complaint should have been dismissed for failing to sufficiently plead an antitrust violation under Section 1 of the Sherman Act. Defendant argues that Twombly requires a heightened standard for fact pleading, which now entitles him to judgment on the pleadings, notwithstanding this court's pre-Twombly decision in Godshteyn.

## Discussion

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006) (internal citation and quotation omitted). A claim of copyright infringement must meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to

3

relief," and must state: "[1] which specific original works are the subject of the copyright claim, [2] that plaintiff owns the copyrights in those works, [3] that the copyrights have been registered in accordance with the statute, and [4] by what acts during what time the defendant infringed the copyright." Goldshteyn, 2006 U.S. Dist. LEXIS 52422, at *4-5 (quoting Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991)).

When this standard was applied in Godshteyn, a complaint identical to the complaint Schwartz challenges survived a motion to dismiss. The defendant in Godshteyn had argued that the complaint should be dismissed because (1) it did not allege with sufficient specificity the acts constituting copyright infringement or the times during which those acts occurred, and (2) that plaintiffs' allegations, pleaded on information and belief, failed to state a claim because they lacked facts indicating the source of plaintiffs' belief; both arguments were found unavailing. Goldshteyn, 2006 U.S. Dist. LEXIS 52422, at *4. In particular, it was held that,

> The complaint's failure to describe specific individual instances of infringement is not fatal to plaintiffs' claim; such details are rightly the province of the discovery phase and summary judgment. Indeed it would be difficult, as a practical matter, for plaintiffs to allege the exact times at which Goldshteyn downloaded particular recordings.

Id. at *9. Thus, Goldshteyn held that the complaint satisfied

4

Rule 8's lenient pleading standard and alleged sufficient facts to support a claim for copyright infringement.

It would seem that the reasoning in <u>Godshteyn</u>, when applied to this case, should lead to the same outcome. Schwartz, however, bases his motion for judgment on the pleadings entirely on the proposition that <u>Twombly</u> changed the applicable standard, and thus, the reasoning applied in <u>Godshteyn</u> is no longer viable.

The complaint at issue in <u>Twombly</u> alleged a violation of Section 1 of the Sherman Act, which requires a "'contract, combination . . ., or conspiracy, in restraint of trade or commerce.'" <u>Twombly</u>, 127 S. Ct. at 1961. Specifically, the complaint alleged that defendants, "major telecommunications providers[,] engaged in certain parallel conduct unfavorable to competition." Id. at 1961. The complaint did not allege an express contract or agreement, but claimed that an illegal conspiracy could be inferred from parallel business behavior. This sort of conscious parallelism, absent certain additional factors, does not constitute an antitrust conspiracy. <u>See</u> <u>E. I. Du Pont de Nemours & Co. v. FTC</u>, 729 F.2d 128, 139 (2d Cir. 1984) (citing <u>Theatre Enterprises, Inc. v. Paramount Film Distributing Corp.</u>, 346 U.S. 537 (1954)). Thus, because the complaint lacked a "factual context suggesting agreement, as distinct from identical, independent action," <u>Twombly</u> held that the complaint must be dismissed, concluding, "we do not require heightened fact

5

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1961, 1974.  In sum, Twombly requires "enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'"  Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.), 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

Twombly noted that its holding was intended to "address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct," Twombly, 127 S. Ct. at 1963, and to that end the Court was motivated, at least in part, by the concern that antitrust discovery can be particularly onerous, id. at 1966-67 ("[P]roceeding to antitrust discovery can be expensive.").  The Second Circuit, however, has not limited Twombly's holding to the antitrust context.  In re Elevator Antitrust Litig., 502 F.3d at 50 n.3.

In this case, it is clear that the complaint alleges enough facts to constitute a plausible claim of copyright infringement, and, thus, is distinguishable from the Twombly complaint.  The complaint found insufficient in Twombly made allegations of conscious parallelism – from which an antitrust conspiracy could have been inferred – but lacked factual allegations in connection with a specific agreement or contract.  Thus, because the factual allegations in the complaint could not alone satisfy the

concerted action element of a Section 1 violation, the Twombly complaint did not "raise a right to relief above the speculative level." See Twombly, 127 S. Ct. at 1965. By contrast, the complaint in this case names the copyrighted recordings that were allegedly infringed and describes the manner in which they were infringed. Indeed, if these allegations in the complaint are proven true, under no circumstances will Schwartz not have infringed plaintiffs' copyrights. Therefore, the complaint certainly raises a "reasonable expectation that discovery will reveal evidence" of infringement. See id. The same cannot be said of the complaint in Twombly, which would have required an inference of an antitrust conspiracy merely from the allegation of conscious parallelism. Accordingly, the copyright infringement claim alleged by the plaintiffs here is more plausible than the antitrust conspiracy claim alleged in Twombly. Plaintiffs were not required to allege specific, individual instances of infringement, which, as Goldshteyn held, is rightly the province of the discovery phase and summary judgment. At this stage of the litigation, it is sufficient that the plaintiffs have alleged enough facts to support a claim of copyright infringement that is at least plausible.

**Conclusion**

Plaintiffs have pleaded a claim of copyright infringement

which meets Rule 8's standards.  The complaint sets forth the acts allegedly constituting copyright infringement with sufficient specificity to put Schwartz on notice of the grounds for their claim.  Moreover, as required by <u>Twombly</u>, the complaint alleges enough facts to constitute a plausible, and not just a conceivable, claim of infringement.  For these reasons, Schwartz's motion for judgment on the pleadings is denied.

Dated:  Brooklyn, New York
        April 1, 2008

                                SO ORDERED:


                                _____/s/_____
                                David G. Trager
                                United States District Judge